| | |
|---|---|
| 1 | Tiffany R. Caterina (SBN 280159) |
|   |    tcaterina@fkks.com |
| 2 | Vishwanath Kootala Mohan (SBN 313759) |
|   |    vmohan@fkks.com |
| 3 | **FRANKFURT KURNIT KLEIN & SELZ, P.C.** |
|   | 2029 Century Park East, Suite 1060 |
| 4 | Los Angeles, California 90067 |
|   | Telephone:  (310) 579-9600 |
| 5 | Facsimile:   (310) 579-9650 |
| 6 | *Attorneys for Plaintiff COOL 3D, LLC* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| COOL 3D, LLC, a New York limited liability company, | Case No.: 2:19-cv-7672 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **COPYRIGHT INFRINGEMENT** |
| LIT MEDIA GROUP, LLC, a California limited liability company; ANTHONY RENE VILLALOBOS, an individual; and DOES 1-10, | 2. **FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Cool 3d, LLC, by and through his attorneys of record—Frankfurt Kurnit Klein & Selz, P.C.—complains against Defendant Anthony Rene Villalobos ("Rene") and Lit Media Group, LLC ("Lit Media") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action against Defendants for their acts of copyright infringement and for falsification of copyright management information in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq.

2. Defendants stole Plaintiff's original media content and reproduced it on Defendants' Instagram accounts, Dailyhumor_4u and thefuck.tv (collectively, the Meme Accounts), on which they post "memes."[1]

3. Defendants profit off of copyright infringement by gaining "followers" for and "engagement" with the Meme Accounts which translates into sponsorships and advertisements deals. Defendants brag about the money they make through these sponsorship and advertisement deals.

4. Defendants' entire business model is to steal and monetize other people's original creations, thus building Defendants' brands and bank accounts off of pilfered content, in violation of U.S. copyright laws.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this case arises under the Copyright Act and federal courts have exclusive jurisdiction over cases arising under the Copyright Act.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c)

---

[1] Memes are generally funny media content such as captioned videos and photos. *See Meme Definition*, Merriam-Webster, https://www.merriam-webster.com/dictionary/memes?utm_campaign=sd&utm_medium=serp&utm_source=jsonld ("an amusing or interesting item (such as a captioned picture or video) or genre of items that is spread widely online especially through social media[.]") (last visited Sep. 02, 2019).

and 28 U.S.C. § 1400(a) in that Defendants reside in this Judicial District, the claim arises in this Judicial District, Defendants may be found and transact business in this Judicial District, and a substantial part of the events giving rise to this civil action occurred in this Judicial District.  Further, Defendants are subject to the general and specific personal jurisdiction of this Court because of their residence in and contacts with the State of California.

## PARTIES

7. Plaintiff is a New York limited liability company with a principal place of business in Brooklyn, New York.

8. Plaintiff is informed and believes that Defendant Lit Media is a California limited liability company with a principal place of business at 340 S Lemon Ave., #4220, Walnut, California 91789.

9. Plaintiff is informed and believes that Defendant Rene is an individual residing in Los Angeles, California.  Plaintiff is informed and believes that Defendant Rene is the sole owner/principal of Defendant Lit Media Group, LLC and operates the Meme Accounts.

10. Plaintiff is informed and believes that Defendants are the alter egos of each other there is an identity and unity of interests between Defendant Lit Media and its owner/principal, Defendant Rene, such that any separateness between them has ceased to exist and that adhering to the "fiction" of separate existence of Defendant Lit Media and its sole owner/principal, Defendant Rene, would, under the particular circumstances, promote injustice.  Plaintiff is informed and believes that Defendant Rene is the sole owner, member, and decision-maker of Defendant Lit Media and exercises complete dominion over the management and operation of Lit Media and the Meme Account.  Further, Plaintiff is informed and believes that Defendant Rene is the only decision maker regarding what media content is curated, created, edited, posted, and published on Defendant Lit Media's

Instagram accounts. Plaintiff is informed and believes that Defendant Rene himself creates and publishes the media content on Defendant Lit Media's Instagram accounts. Further, Plaintiff is informed and believes that Defendant Rene has treated assets of Defendant Lit Media as his own, has wrongfully diverted assets of Lit Media to himself, and has comingled his own personal funds with those of Defendant Lit Media.

11. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *Plaintiff and the Copyrighted Work*

12. Plaintiff is a collaborative multimedia project—between Mr. Brian Tessler and Mr. Jonathan Baken—that creates animated short films. Plaintiff distributes, publishes, and makes its content available through its website (*see* https://cool3dworld.com/), Instagram (*see* https://www.instagram.com/cool3dworld/), and YouTube (*see* https://www.youtube.com/channel/UCzNZlJzmjomyl00ewlxHqOA) channels.

13. Plaintiff created, and published to its Instagram and YouTube channels many original short films, such as *hammer*, *men in chairs*, *the egg 2*, *bodybelly 3*, *harmony 2*, *doctor's appointment* (collectively, the Cool Videos), and *the Nose Picking* videos.

14. Plaintiff has over 500,000 and 600,000 followers on Instagram and

YouTube, respectively. Just the 63 short films that Plaintiff has uploaded on its YouTube channel have over 135 million views collectively.

15. YouTube allows users with successful YouTube channels, such as Plaintiff, to monetize their videos through YouTube's "Partner Program," which pays users a share of the advertising revenue generated through their videos. The more views on the YouTube channel, the more advertising revenue can be generated. [2] Once a channel is accepted, the user can begin to monetize the videos hosted on the channel by enabling the "Monetization" feature on the channel and accepting the terms of YouTube's Content License Agreement (the "CLA"). Plaintiff is a party to YouTube's CLA.

16. Plaintiff registered its copyright in the *hammer* video on June 15, 2019 (Reg. No.: PA0002195664). Plaintiff registered its copyright in the *the egg 2* video on June 15, 2019 (Reg. No.: PA0002195661). Plaintiff registered its copyright in the *bodybelly 3* video on June 15, 2019 (Reg. No.: PA0002195700). Plaintiff registered its copyright in the *harmony 2* video on June 15, 2019 (Reg. No.: PA0002195704). Plaintiff registered its copyright in the *doctor's appointment* video on June 15, 2019 (Reg. No.: PA0002195707). Plaintiff registered its copyright in the *men in chairs* video on June 15, 2019 (Reg. No.: PA0002195669). True and correct copies of the Cool Videos' copyright registrations are attached hereto as Exhibit C.

17. Multiple articles have been written about Plaintiff and its short films, such as in Dazed (*see* https://www.dazeddigital.com/artsandculture/article/32813/1/enter-the-3d-world-where-nightmares-comes-true) and Kill Screen (*see* https://killscreen.com/articles/cool-3d-worlds-virtual-nightmare-poetry-escapes-vine/).

---

[2] *See YouTube Partner Program Overview*, YouTube Help, https://support.google.com/youtube/answer/72851#eligibility (last visited Sep. 02, 2019).

*Defendants and the Marketplace*

18. Defendant's Meme Accounts have over 5 million and 2 million followers, respectively. Defendants also boast that dailyhumor_4u receives over 70,000 new followers weekly and that thefuck.tv receives 10,000 new followers daily. True and correct screenshots of Defendants' website (taken on September 01, 2019), dailyhumor_4u's webpage (taken on December 31, 2018), and thefuck.tv's webpage (taken on September 01, 2019) are attached hereto as Exhibit A.

19. Plaintiff is informed and believes that Defendants make money through advertisements and sponsorship deals based on the engagement rate (number of "likes" and comments) and the number of followers of the Meme Account.[3]

20. Defendants understand U.S. Copyright laws and utilize them to Defendants' advantage. Defendants, on their DailyHumor website (*see* https://dailyhumor.co/), have detailed terms of use that discuss the applicability of copyright law to both Defendants' and third-party content. Defendants also have license agreements for user-submitted video content that details transferring copyrights. True and correct copies of Defendants' terms and license agreements available on their websites are attached hereto as Exhibit B.

*Defendants' Infringement*

21. Defendants, as illustrated below, reproduced, distributed, and publicly displayed the Cool Videos and the *Nose Picking* video, and derivatives thereof, at least on the Meme Accounts without authorization from Plaintiff. The *hammer* video was posted on thefuck.tv on January 09, 2016 and September 20, 2018. *The*

---

[3] Defendants' number of followers puts them in the echelon of Instagram influencers who command the highest rates for advertising and sponsorship deals. *See The Influencers That Brands Work With Most Frequently*, Morning Consult, https://morningconsult.com/wp-content/uploads/2019/05/190528_Influencers_fullwidth.png;https://morningconsult.com/wp-content/uploads/2019/05/190528_Influencers2_sidebar.png (last visited Sep. 02, 2019).

*egg 2* video was posted on dailyhumor_4u on September 11, 2017 and on thefuck.tv on October 13, 2017. The *bodybelly 3* video was posted on thefuck.tv on January 16, 2016. The *harmony 2* video was posted on thefuck.tv on February 10, 2016. The *doctor's appointment* video was posted on thefuck.tv on December 20, 2015. The *men in chairs* video was posted on thefuck.tv on December 01, 2018 and, Plaintiff is informed and believes, on July 28, 2019. The *Nose Picking* video was posted on thefuck.tv on November 20, 2015.

| **Plaintiff's Copyrighted Work** | **Defendants' Infringing Use** |
|---|---|
| *Hammer*  | |

*The Egg 2*





*Bodybelly 3*




*Harmony 2*




*Doctor's Appointment*




*Men in chairs*



22. Defendants, as illustrated below, without any authorization from Plaintiff, knowingly falsified copyright management information by inserting a watermark of the "thefuck.tv" logo on the *Nose Picking* video's bottom left corner when they posted it on their Instagram account—thefuck.tv.

//

//

//

10
COMPLAINT

| **Plaintiff's Copyrighted Work** | **Defendants' Infringing Use** |
|---|---|
| *Nose Picking* | |
|  | |

23. On January 25, 2019, upon discovery of Defendants' copyright infringement, Plaintiff, through its representative, sent takedown notices under U.S. Digital Millennium Copyright Act (DMCA) per Instagram's policies[4] regarding the Meme Accounts.

24. Plaintiff is informed and believes that based upon the repetitive and numerous nature of Defendants' copyright infringement, Instagram shut down Defendants' Instagram account, dailyhumor_4u, itself on or around Mar. 07, 2019; Defendants' other Instagram account, thefuck.tv, is still up on Instagram, and Plaintiff is informed and believes that Defendants' copyright infringement of the Cool Videos continues unabated thereon.

25. On August 20, 2019, Defendants sent DMCA counter-notifications to Plaintiff.

---

[4] *See How do I report copyright infringement on Instagram*, Instagram, https://help.instagram.com/126382350847838?helpref=page_content (last visited Sep. 02, 2019).

11
COMPLAINT

26. Plaintiff is informed and believes that Defendants' have driven significant traffic to at least the Meme Accounts due to the presence of the Cool Videos and the *Nose Picking* video. Defendants' illegal use of the Cool Videos and the *Nose Picking* video garnered a high engagement rate by raking in hundreds of thousands of views and numerous comments and shares.

27. Defendants, through their illegal use of the Cool Videos and the *Nose Picking* video in their posts, cross-promote other accounts on Instagram and other social media, such as Snapchat, thus garnering high engagement rates and followers on the other accounts as well.

28. Plaintiff is informed and believes that all of this traffic translates into substantial ill-gotten commercial advantage and revenue generation from content-creation, licensing, sponsorship, and advertising opportunities for Defendants as a direct consequence of their infringing actions. Defendant Rene regularly boasts about his substantial ill-gotten revenue, i.e., the tens of thousands of dollars each month, received in large part because of the success of the Meme Account.

29. Defendants' actions have harmed Plaintiff's business, reputation, and livelihood.

## FIRST CLAIM FOR RELIEF

*Copyright Infringement, 17 U.S.C. § 501, of the Cool Videos Against Defendants*

30. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 29 above.

31. Plaintiff owns the registered copyrights in and to the Cool Videos, which registered copyrights are attached as Exhibit C.

32. By reproducing, displaying, distributing, and utilizing the Cool Videos for commercial purposes without authorization of or payment to Plaintiff in violation of 17 U.S.C. § 501 et seq., Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's

right to produce, reproduce, and distribute the Cool Videos, including by authorized third parties.

33. Defendants' infringement has been undertaken willfully and knowingly, and with intent to financially gain from Plaintiff's protected copyright work.

34. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Cool Videos for commercial purposes, including by increasing the traffic to their websites and licensing, sponsorship, and advertisement deals.

35. Defendants' wrongful acts have caused, and are causing, irreparable harm to Plaintiff, of which there is no adequate remedy at law, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will continue to suffer irreparable injury. Accordingly, Plaintiff seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

36. As a result of Defendants' wrongful actions alleged herein, Plaintiff has suffered and is suffering substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable. Plaintiff is entitled to actual damages in an amount to be proven at trial for the infringement of the Cool Videos.

**SECOND CLAIM FOR RELIEF**

*Falsification of Copyright Management Information, 17 U.S.C. § 1202(a), of the Nose Picking Video Against Defendants*

37. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 36 above.

38. Plaintiff owns the copyright to the *Nose Picking* video.

13
COMPLAINT

39.     Defendants posted the *Nose Picking* video on their Instagram account—thefuck.tv—with a watermark of "thefuck.tv" logo on the *Nose Picking* video.

40.     Plaintiff is informed and believes that Defendants knew that they are not the authors or copyright owners of the *Nose Picking* video.

41.     Plaintiff is informed and believes that Defendants knew or should have known that Plaintiff is the author and copyright owner of the *Nose Picking* video.

42.     Plaintiff is informed and believes that Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, altered copyright management information on the *Nose Picking* video that is false in violation of 17 U.S.C. § 1202(a)(1).

43.     Plaintiff is informed and believes that Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, distributed or imported for distribution copyright management information that is false in violation of 17 U.S.C. § 1202(a)(2) by distributing the *Nose Picking* video with thefuck.tv's watermark on the *Nose Picking* video.

44.     Defendants' wrongful acts have caused, and are causing, irreparable harm to Plaintiff, of which there is no adequate remedy at law, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will continue to suffer irreparable injury.  Accordingly, Plaintiff seeks an order under 17 U.S.C. § 1203 enjoining Defendants from any further falsification of Plaintiff's copyright management information.

45.     As a result of Defendants' wrongful actions alleged herein, Plaintiff has suffered and is suffering substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.

46.     Plaintiff is entitled to maximum statutory damages, under 17 U.S.C. § 1203, for the falsification of the copyright management information of the *Nose Picking* video.

47.     In the alternative, Plaintiff is entitled to actual damages, under 17 U.S.C. § 1203, in an amount to be proven at trial, for the falsification of the copyright management information of the *Nose Picking* video.

48.     Plaintiff is entitled to reasonable attorneys' fees and costs under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

*For the First Claim of Relief—Copyright Infringement*

1.     Pursuant to 17 U.S.C. § 502, this Court enter an injunction enjoining Defendants, their parents, officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them from copying, reproducing, displaying, promoting, advertising, distributing, or selling the Cool Videos and the *Nose Picking* video or any other work based thereon;

2.     This Court order an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiff's copyrights; and

3.     Pursuant to 17 U.S.C. § 504, this Court enter an award in favor of Plaintiff and against Defendants of actual damages suffered by Plaintiff as a result of Defendants' copyright infringement and any profits of Defendants attributable to the infringement.

*For the Second Claim of Relief—Falsification of Copyright Management*

*Information*

1. Pursuant to 17 U.S.C. § 1203, this Court enter an injunction enjoining Defendants, their parents, officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them from copying, reproducing, displaying, promoting, advertising, distributing, or selling the *Nose Picking* video or any other work based thereon;

2. This Court order an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully falsifies Plaintiff's copyright management information; and

3. Pursuant to 17 U.S.C. § 1203, this Court enter an award in favor of Plaintiff and against Defendants for maximum statutory damages for Defendants' falsification of Plaintiff's copyright management information;

4. In the alternative to statutory damages, pursuant to 17 U.S.C. § 1203, this Court enter an award in favor of Plaintiff and against Defendants of actual damages suffered by Plaintiff as a result of Defendants' falsification of Plaintiff's copyright management information and any profits of Defendants attributable to the falsification; and

5. Pursuant to 17 U.S.C. § 1203, this Court enter an award in favor of Plaintiff and against Defendant for reasonable attorneys' fees and costs Defendants' falsification of Plaintiff's copyright management information.

*For All Claims*

1. This Court enter an award in favor of Plaintiff and against Defendants for any such other and further relief as the Court may deem just and appropriate.

DATED:  September 4, 2019          Respectfully submitted,

**FRANKFURT KURNIT KLEIN + SELZ PC**

By:      */s/ Vishwanath Kootala Mohan*
          Tiffany R. Caterina
          Vishwanath Kootala Mohan

          Attorneys for Plaintiff
          *COOL 3D, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff Cool 3d, LLC hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

DATED: September 4, 2019

Respectfully submitted,

**FRANKFURT KURNIT KLEIN + SELZ PC**

By: _____*/s/ Vishwanath Kootala Mohan*_____
Tiffany R. Caterina
Vishwanath Kootala Mohan

Attorneys for Plaintiff
*COOL 3D, LLC*